UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIDEON M.G. GRATSIANI,

    Plaintiff,

v.       Case No: 6:16-cv-595-Orl-28TBS

JAMES DESNICK, JORDAN DESNICK,
JEG CAPITAL, LLC, SEMINOLE
HOUSING, LLC, AQL HARTWELL, LLC
and DEUTSCHE BANK COMPANY
AMERICAS,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion to Disqualify Defendant's Counsel (Doc. 19).[1]  Defendants (with the exception of Deutsche Bank Company Americas) are represented by the law firm of Bilzin Sumberg, LLP.  The firm previously represented entities, including Defendant JEG Capital, LLC, in which Plaintiff owned an interest.  Plaintiff alleges that by virtue of this representation, the firm acquired confidential and privileged information about Plaintiff's interests, business practices, relationships, and dealings (Id. at ¶¶ 3-4).  For this reason, Plaintiff seeks to disqualify Bilzin Sumberg.  On May 3, 2016, the Court held a hearing on the motion, the record of which is incorporated by reference.  Plaintiff admitted at the hearing that he has never been personally represented by Bilzin Sumberg.  He nevertheless argued that the firm represented his interests when it represented entities in which he had an ownership stake.  Plaintiff alleges that due to this representation, the firm likely has acquired

---

[1] Plaintiff's counsel failed to comply with his obligations under M.D. FLA. R. 3.01(g) prior to filing the instant motion.

information about his acquisition of property and the parties' business structures, but he was unaware of the extent of the firm's knowledge.

There are two sources of a court's authority to consider a motion to disqualify an attorney. "First, attorneys are bound by the local rules of the court in which they appear. … Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." Herrmann v. GutterGuard, Inc., 199 F. App'x 745, 752 (11th Cir. 2006). "If a district court bases its disqualification order on an allegation of an ethical violation, 'the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power.'" Id. (quoting Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997)). "Instead, '[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule.'" Id. (quoting Schlumberger Techs., Inc., 113 F.3d at 1561).

"The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification." Id. (citing In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003)). "Motions seeking disqualification should be viewed with extreme caution and the remedy of disqualification imposed sparingly since disqualification can be utilized as a technique of harassment or to gain a tactical advantage." In re Lawrence, 217 B.R. 658, 662 (Bankr. S.D. Fla. 1998). See also FLA. BAR. R. 4-4.7 cmt. ("Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment.").

Plaintiff has not cited any authority for his position that Bilzin Sumberg's representation of entities in which he owned an interest created an attorney-client relationship between him and the firm, and this Court has found none.  See FLA. BAR R. 4-1.13 ("A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.").

There is also no evidence that this action is substantially related to prior work performed by the firm.  Florida Bar Rule 4-1.9 prohibits a lawyer "who has formerly represented a client in a matter [from] … represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."  FLA. BAR R. 4-4.9(a).  Plaintiff has attached emails to his motion which concern zoning and real estate transactions in south Florida.  But, none of the emails concern the properties at issue in this litigation, and Bilzin Sumberg represented at the hearing that it did not enter into an engagement letter to represent Defendants until after Plaintiff relinquished his interest in JEG and after the properties were purchased.  There is simply no evidence that the firm represented Plaintiff, or anyone else, in a prior matter concerning the properties or transactions now in controversy.  Therefore, it cannot be said that the firm changed sides and Plaintiff has failed to establish a violation of FLA. BAR R. 4-1.9.  See FLA. BAR. R. 1.9 cmt. ("The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."); In re Skyway Commc'ns Holding Corp., 415 B.R. 859, 869 (Bankr. M.D. Fla. 2009) ("The comment to Rule 4-1.9 states that matters are 'substantially related' if they 'involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the

former client.'   To be 'substantially related,' the matters 'need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.'") (quoting McPartland v. ISI Inv. Servs., Inc., 890 F. Supp. 1029, 1031 (Bankr. M.D. Fla. 1995)); Key Largo Rest., Inc. v. T.H. Old Town Assocs., Ltd., 759 So. 2d 690, 696 (Fla. 4th DCA 2000).

For these reasons, Plaintiff's motion to disqualify (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 4, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record